## THE AZALEA.

### In re ROBINSON FISHERIES CO.
### No. 12901.

District Court, W. D. Washington, N. D.
Dec. 4, 1929.

R. W. Huntoon and Grinstead, Laube, Laughlin & Lichty, all of Seattle, Wash., for petitioner.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for respondents Axel Hagenson and Hansen.

NETERER, District Judge.

Petitioner seeks to limit liability alleging the craft to have been operated as a "fishing schooner in the waters of Alaska during the fishing season," and that claims are pressed against the petitioner in the sum of $35,000 in the state court for the alleged injuries received upon the said trip, in which the said claimants were employed as fishermen; that the value of the schooner at the close of the voyage was not to exceed $10,000, and that there was no freight pending by reason of said voyage.

Claimant Axel Hagenson appears specially and challenges jurisdiction of the court and the sufficiency of the libel to limit liability in that "the lay, catch or earnings for the voyage are not averred or pleaded," and further excepts that the petition should be made more full and certain by alleging "the facts and circumstances upon which his *fear* is predicated" that other claims may be pressed.

The schooner not being on a commercial venture, the petition should state the lay of the venture on which it proceeded, or, at least, the profits, if any, that were realized to the vessel. It is for the court to determine whether the profits, if any, are to be considered under the limitation statute as *pending freight*.

The exception as to the expression of fear of other claims will be denied.

The petition states that the schooner had a crew of thirty-one men, including two fishermen who are pressing claims in the state court. The negligence alleged is such a condition as would apply to members of the crew, and, if these claimants can press claims successfully, others in like relation could do likewise, and the fact that a number of the members of the crew appearing, the condition is alleged upon which claims are predicated, being stated, and the fear asserted, appear to be sufficient. Again, if the schooner had a value of only $10,000 at the close of the voyage, and $35,000 in claims are pressed, excess of asserted claims to the value of the schooner is apparent, if there is no pending freight.

Exceptions I and II are sustained, and III denied.

The libel may be amended in the particulars mentioned, and should further state as to whether the petitioner had knowledge or privity to the condition alleged.